Upon review of all of the competent evidence of record with reference to the errors assigned, and finding good grounds to reconsider the evidence, the Full Commission REVERSES the Opinion and Award of the Deputy Commissioner and enters the following Opinion and Order:
Based upon a review of the record herein and taking judicial notice of the orders, motions and pleadings filed herein, the Full Commission finds as follows:
 FINDINGS OF FACT
1. Plaintiff filed an I.C. Form 18 alleging an injury by accident on February 29, 1994 arising out of and in the course of his employment with defendant-employer, Mark Owen Pressley.
2. Defendant-employer admits that the injury occurred in the course and scope of employment and further contends that the business was insured by Lumbermens Mutual Casualty Company (hereinafter Lumbermens Mutual).
3. Lumbermens Mutual denies that defendant-employer had a valid policy of workers' compensation insurance in effect at the time of plaintiff's injury.
4. Lumbermens Mutual filed a Motion to Dismiss with an attached affidavit and other documents in support of its motion with the Industrial Commission on May 17, 1996 alleging that it should be dismissed as a party defendant because it was not the carrier on the risk for defendant-employer on the date of plaintiff's injury.
5. On May 29, 1996 Deputy Commissioner Hoag summarily entered an order dismissing Lumbermens Mutual as a party to this claim. The order of dismissal was entered without a hearing and prior to having received a response to Lumbermens Mutual's Motion to Dismiss from plaintiff or defendant-employer.
6. For reasons that are unclear Deputy Commissioner Hoag re-issued the same order dismissing Lumbermens Mutual as a party defendant on June 3, 1996.
7. The case had been previously set for hearing on June 14, 1996 on the merits of the claim pursuant to plaintiff's I.C. Form 33 Request that Claim be Assigned for Hearing. Defendant-employer filed a Motion for Reconsideration of Deputy Commissioner Hoag's order of dismissal on June 14, 1996, objecting to the dismissal of Lumbermens Mutual for the reasons more fully set forth in the motion and further stating that defendant-employer did not receive notice of the order until June 11, 1996.
8. At the hearing on June 14, 1996 before Deputy Commissioner Hoag which had been set pursuant to plaintiff's Form 33 request for hearing, Lumbermens Mutual was not present as it had been dismissed as a party and had not been served with a copy of defendant-employer's Motion for Reconsideration. The Deputy Commissioner proceeded to hear the Motion for Reconsideration and to hear evidence on plaintiff's claim.
9. The Deputy Commissioner's Opinion and Order filed December 19, 1997 is confusing to the extent that it recites that the case was heard on June 14, 1996 on Lumbermens Mutual's Motion to Dismiss and that at the hearing Lumbermens Mutual's Motion to Dismiss was granted. Lumbermens Mutual did not appear at the hearing as it had already been dismissed as a party. Defendant-employer filed the Motion for Reconsideration on the date of hearing; therefore Lumbermens Mutual had no notice that the Motion for Reconsideration was going to be considered at the hearing. The Deputy Commissioner did allow Lumbermens Mutual to respond after the hearing.
10. The Deputy Commissioner proceeded with the hearing on the merits of plaintiff's claim and on the Motion for Reconsideration. The Deputy Commissioner has included as a part of the record herein an affidavit and other documents that were attached to Lumbermens Mutual's Motion to Dismiss. These documents were not admitted into evidence at the hearing.
11. Defendant-employer moved for reconsideration eleven days after the filing of the Deputy Commission's June 3, 1996 order dismissing Lumbermens Mutual as a party. In the interest of justice, the Industrial Commission may waive its rule which allows a responding party ten days to respond in opposition to a motion.
12. At the time of plaintiff's injury, he was working for Mark Owen Pressley (defendant-employer) who testified that he was a subcontractor for Hahn Construction. Hahn Construction is a necessary party to this action, but has never been added. Plaintiff moved to add Hahn Construction as a necessary party on May 28, 1998.
13. Lumbermens Mutual is a necessary party and under the circumstances of this case should not have been dismissed without an evidentiary hearing where competent evidence could be presented and witnesses cross examined. Lumbermens Mutual did not have an opportunity to be present at the hearing on the Motion for Reconsideration, but has not filed an objection. Also, neither plaintiff nor defendant-employer assigned as error the denial of defendant-employer's Motion for Reconsideration. However, Hahn Construction was not a party to this action at the time.
14. The interests of justice would be better served by having all parties with an interest in this case joined as necessary parties and for all witnesses presenting evidence in this case be made available to testify and to be cross-examined.
 ***********
Based on the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
In the discretion of the Full Commission and in the interest of justice, (1) the Opinion and Order of Deputy Commissioner Hoag filed December 19, 1997 and the two orders dismissing Lumbermens Mutual Casualty Company as a party defendant should be VACATED, (2) plaintiff's Motion to add Hahn Construction as a party-defendant should be allowed; and (3) this case should be remanded to a deputy commissioner for a de novo hearing, if necessary.
 ***********
Based upon the foregoing findings of fact, the Full Commission enters the following:
 ORDER
It is HEREBY ORDERED that:
1. Deputy Commissioner Hoag's orders dismissing Lumbermens Mutual as a party-defendant are VACATED. Lumbermens Mutual Casualty Company is herewith reinstated as a party-defendant to this proceeding.
2. Hahn Construction, in their capacity as General Contractor, is added as a necessary party to this proceeding.
3. This case is remanded to a deputy commissioner for ade novo hearing, if necessary.
4. A copy of this order shall be served upon Hahn Construction by certified mail and, hereinafter, the caption of this case shall show Hahn Construction and Lumbermens Mutual as parties until further order of the Industrial Commission.
 S/_________________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/______________________ J. HOWARD BUNN, Jr. CHAIRMAN
S/______________________ CHRISTOPHER SCOTT COMMISSIONER